■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYNN GEORGE ROBINSON, Appellant. [903 NYS2d 904]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (McCormack, J.), rendered October 28, 2008, convicting her of criminal possession of a forged instrument in the second degree (four counts), scheme to defraud in the first degree, failure to file personal income tax, and conspiracy in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

The Supreme Court properly denied the defendant's *Batson* challenge *(see Batson v Kentucky,* 476 US 79 [1986]) based on gender discrimination as to four female jurors. Under *Batson,* a peremptory challenge to a prospective juror based on gender violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution *(see People v Allen,* 86 NY2d 101, 109-111 [1995]). Whether a peremptory challenge constitutes gender discrimination is determined using a three-step test *(id.* at 109-111). First, the party contesting the peremptory challenge must make a prima facie showing that the challenge relates to the gender of the prospective juror sought to be removed *(id.).* Second, if the prima facie showing is made, the party asserting the peremptory challenge must then provide a gender-neutral reason for exercising the challenge *(id.).* Third, the court must determine whether the party contesting the peremptory challenge has satisfied his or her burden of proving purposeful discrimination by showing that the proffered facially-neutral reason is pretextual *(see Hernandez v New York,* 500 US 352, 363 [1991]).

Here, the Supreme Court properly determined that the reasons proffered by the prosecutor for the peremptory challenges to the four subject jurors were gender neutral. In response, the defendant failed to satisfy her burden of demonstrating discrimination by showing that these reasons were pretextual (*id.* at 365; *see People v Wells*, 7 NY3d 51, 58 [2006]).

The defendant's contention that her convictions of criminal possession of a forged instrument in the second degree, scheme to defraud in the first degree, and conspiracy in the fifth degree were not supported by legally sufficient evidence is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, the contention is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Mastro, J.P., Covello, Belen and Hall, JJ., concur.